MYERS & MARCUS, plaintiffs in error, vs. JULIUS KAUF-
MAN, defendant in error.

WILLIAM TAYLOR, plaintiff in error, vs. BENJAMIN C.
GREEN, defendant in error.

A promise to pay a certain number of dollars "in American gold coin,"
cannot be discharged by paying that sum in United States legal tender
notes, at their nominal value, when they are below par. If the maker
tenders the sum, plus the difference between currency and gold, to the
holder, in United States legal tender notes, the holder is bound to ac-
cept them and they will discharge the debt. The same is true as to a
promise to pay a certain number of dollars "in gold"

Distress Warrant. Tried before Judge SNEAD. City
Court of Augusta. January Term, 1868.

Illegality. Decided by N. G. FOSTER, Military appointee.
Wilkinson Superior Court. October Term, 1867.

Case number one above stated, is as follows:

Myers & Marcus, rented to Kauffman, a store-house for
one year, from the 1st of October, 1866, in consideration of
his promise to pay them $1400 "in American gold coin," to
be paid in sums of $350 00 "in American gold coin," in quar-
terly payments. Kauffman paid all the rent for the two first
quarters, and on the third paid $350 00 in United States cur-
rency or greenbacks, worth at the time of payment, only
$254 00 in American gold coin, leaving a balance of $96 00 in
American gold coin on that quarter; on the fourth quarter,
he had paid nothing. They sued out their distress warrant
for this rent, claiming $446 00 "in American gold coin."

Kauffman replied by counter affidavit, that he owed them
only $350 00. He claimed that the $350 00 greenbacks paid,
discharged the third quarter's rent, and was not a part pay-
ment as claimed by them. He admitted that the $350 00
paid, was worth only $254 00 "in American gold coin," at
the time of its payment, and that $96 00 in American gold
coin was, at the trial, worth $132.48 in United States cur-
rency, and that $350 00 in American gold coin was then

worth $504 00 in such currency.   It does not appear whether at the time this $350 00 was paid, anything was said as to whether it was in full, or only a partial payment for the third, quarter.   When the last quarter was due, Kauffman tendered them $350 00 in United States legal tender notes in full payment for the last quarter, but they refused so to receive it, and he did not pay it.   The date of the contract does not appear, but it was treated as made in 1866.   Upon this state of facts, it was agreed that the Court should decide whether or not said contract could be discharged by payment of the sum promised in gold coin, with United States legal tender notes at par, and that if he held in the affirmative, the plaintiffs should have a verdict for $350 00 without costs, and if he should decide in the negative, then for $636.-48 with interest on $132 48 from July 1st, 1867, and interest on $504 00 from October 1st, 1867, with costs, (the same in either event to be paid in United States currency.)

The Judge decided in the affirmative, and the verdict was for only $350 00.   This decision is assigned as error.

BARNES & CUMMING, L. STEPHENS for plaintiffs in error.

HOOK & CARR, for defendant in error.

Case number two was upon the following state of facts:

The original contract was a promissory note, dated in October 1865, and due in March 1866; for $1,000 "in gold." The consideration of the note was $1,000 in gold coin received by the maker from the payee.   It was secured by mortgage which has been foreclosed, the judgment for foreclosure being for "one thousand in gold, or its equivalent in United States currency."   The *fi. fa.* issued for "one thousand dollars in gold or its equivalent in United States currency."   It was levied on the mortgaged property, and it was advertised for sale.   Defendant tendered to plaintiff's attorney and the sheriff, the full amount of principal, interest and costs, called for by the *fi. fa.* in United States legal tender treasury notes.   They were willing to take it and credit

the *fi. fa.* with the then market value of said treasury notes in gold, but they refused to receive it as the defendant wished it received, and also refused to enter the same as a credit on said *fi. fa.* specifying in said entry, the kind of currency paid.

The defendant filed an oath of illegality, founded on said grounds. The illegality was overruled, and the *fi. fa.* ordered to proceed.

The defendant assigns as error, that the Court erred—

1st. In sustaining the *fi. fa.* as a legal process, the same being issued in the alternative, as aforesaid.

2d. In deciding that the defendant was not entitled to have the amount tendered, entered as a credit upon the *fi. fa.* as proposed by defendant.

3d. In holding that such treasury notes were not at their denominational value—equal to gold, in this transaction, according to its legal construction.

4th. That the tender as made, was *not* a legal tender in full payment of said *fi. fa.*

CARSWELL & OCKINGTON, (by brief) for plaintiffs in error.

F. CHAMBERS, for defendant in error.

HARRIS, J.

In the first of the above stated cases, the facts were, that plaintiffs rented a store in Augusta, to Kauffman, who agreed to pay for it quarterly $350 00 *"in American gold coin."* Kauffman sought to discharge his contract by an offer of $350 00 in legal tender notes, which was refused. It was admitted that the currency or legal tender notes, were of less value at the time of the offer to pay an equivalent amount in them, than the gold stipulated for. The Judge below, erred in deciding as he did. A *specific* contract, like this, to pay in *American* gold, cannot be discharged by the payment in *legal tender notes,* of a nominally equal amount with the gold agreed to be paid, unless it should happen that the legal tender notes were in the market *at par value* with the American gold.

Upon the plaintiffs, however, receiving from Kauffman, the actual market difference in value, between the American gold which he promised to pay, and the legal tender notes which he offered to pay—that difference in the value of the two things being virtually a portion of the damages plaintiffs were entitled to, by reason of Kauffman's failure to comply with his contract, Myers & Marcus, will *then,* be bound under the act of Congress, to receive the legal tender notes in discharge of the debt of Kauffman, thus fixed by the ascertainment of plaintiff's damages.

In the case of Thompson vs. Riggs, 5th Wallace R., 578, the Justice of the Supreme Court of the United States, delivering the opinion of the Court, said: "A party agreeing to pay in *bullion or coin, must do so,* or answer in damages for *its value;* and so, if one agrees to pay in depreciated paper, the tender of that paper is a good tender, and in default of payment the promisee can recover its market, and not its nominal value."

This extract from a case involving the interpretation of the legal tender act of 1862, has furnished the rule for the decision of the case in the record.    The judgment below is therefore reversed.

The case of Taylor *vs.* Green, at the head of this opinion, from the Ocmulgee Circuit, having been brought to this term, but coming up subsequently for decision to the case of Myers & Marcus vs. Kauffman, from its facts, must be controlled by it—in that case, Taylor agreed to pay in *gold.*

The ruling of the Judge below, being in accordance with our decision in Marcus & Myers vs. Kauffman, we affirm his judgment.